James John PLEMATIS, Plaintiff,

v.

CITY OF DAYTONA BEACH, FLORIDA, a municipal corporation, et al., Defendants.

No. 72-221-Civ-J.

United States District Court, M. D. Florida, Jacksonville Division.

April 7, 1972.

Cliff B. Gosney, Jr., Daytona Beach, Fla., for plaintiff.

John C. Chew, H. Pope Hamrick, Jr., Daytona Beach, Fla., for defendants.

## ORDER AND PRELIMINARY INJUNCTION

CHARLES R. SCOTT, District Judge.

Subsequent to the service on all the parties of due notice, this case came on to be heard on April 6, 1972, on plaintiff's application for a preliminary injunction. This Court entertained the argument of counsel and took evidence.

The sole question presently before this Court is whether under the facts and circumstances of this case the defendants have unlawfully engaged in a prior restraint on the exercise of free speech as protected and guaranteed by the Constitution and whether, if so, the plaintiff herein is entitled to injunctive relief protective of his Constitutional rights. This Court hereinafter finds that the defendants have engaged unlawfully in a prior restraint of the exercise of free speech and that plaintiff is entitled to this preliminary injunction.

It is apparent and uncontested that jurisdiction appropriately lies in this Court under the provisions of 42 U.S.C. §§ 1981, 1983 and 28 U.S.C. § 1343(3) and (4).

The evidence in this case reflects and the Court finds that James John Plematis, the plaintiff, is an adult male residing in Daytona Beach, Florida, who owns and has owned at all pertinent times the right to operate a bookstore known as "The News Stand" at 711 North Ridgewood Avenue, Daytona Beach, Florida. Subsequent to plaintiff's acquiring the right to operate "The News Stand", plaintiff affected certain building and electrical repairs in order to conform the premises to the lawful requirements of the City Building Code. These building modifications were completed and a certificate of occupancy was issued by the City Building Inspector.

After at least one unsuccessful attempt to acquire a city occupational license to operate his business, plaintiff applied on March 28, 1972, for a city occupational license. At that time the plaintiff had complied with all necessary prerequisites as set forth in the Code of the City of Daytona Beach. The defendant, Ray Stephens, City License Director of the City of Daytona Beach, Florida, refused to issue the license on the ground that plaintiff had refused to sign an affidavit that none of the material to be sold would constitute "obscenity" or "pornography", as defined by the Code of the City of Daytona Beach and by the City Manager thereof personally. It is not entirely clear whether this refusal was based on Stephens' personal judgment and discretion or whether Stephens was acting on the strict orders of his superiors, including the City Manager and the City Attorney. However, it is indeed clear that, if Stephens' refusal was solely based on his own judgment and discretion, the standard applied was constitutionally infirm, in that it was neither narrow, objective, nor definite, or that, if Stephens' refusal was based upon finalized instructions from his superiors, the determination to bar plaintiff's procurement of a license was so firm that even compliance with the requested acts might not have resulted in the issuance of a license.

The first amendment of the Constitution protects freedom of the press which embraces not only the publication of books but also their circulation and distribution. Lovell v. Griffin, 303 U.S. 444, 58 S.Ct. 666, 82 L.Ed. 949 (1937). A system of prior restraint on the exercise of this freedom bears a

heavy presumption against its constitutional validity. Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 83 S.Ct. 631, 9 L. Ed.2d 584 (1963); *cf.* Near v. State of Minnesota ex rel. Olson, 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357 (1931). Consequently, form may be pierced and substance analyzed in order to determine whether informal censorship exists. Informal censorship may so inhibit the circulation of publications as to warrant injunctive relief. Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 83 S.Ct. 631, 9 L. Ed.2d 584 (1963).

 A prior restraint of a license, without narrow objective, and definite standards to guide the licensing authority, is unconstitutional. Shuttlesworth v. Birmingham, 394 U.S. 147, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969). And a licensing ordinance which makes the peaceful enjoyment of constitutionally guaranteed freedoms contingent upon the uncontrolled will of an official is an unconstitutional censorship or prior restraint upon the enjoyment of those freedoms. Staub v. Baxley, 355 U.S. 313, 78 S.Ct. 277, 2 L.Ed.2d 302 (1958). The constitutional guarantee is so regarded that an unconstitutional licensing law may be ignored, and one so ignoring it may engage with impunity in the exercise of his rights. Shuttlesworth v. Birmingham, 394 U.S. 147, 89 S.Ct. 935, 22 L. Ed.2d 162 (1969).

 In the instant case plaintiff sought to engage in the business of circulating and distributing books and other literature. In refusing to issue a city occupational license, the City of Daytona Beach, acting through its agents and employees, sought to and did engage in censorship and, in so doing, applied a prior restraint on the exercise of a constitutionally guaranteed right. Whatever standards were applied, if any, were so lacking in narrowness, objectivity, and definiteness that they cannot be constitutional. The plaintiff in this case has had his constitutionally protected rights subjected to the heretofore unfettered discretion of municipal officials.

There can be no reasonable doubt that the City of Daytona Beach, acting through its agents and employees, has engaged in a prior restraint on the exercise of free speech in an effort to censor that literature of whatever type which may later be sold and purchased at "The News Stand".

The Court by this order and opinion does not in any way declare unconstitutional any municipal or county ordinance or state law. Second, this preliminary injunction in no way restrains the prosecution of the plaintiff in any pending criminal case in any court. Third, this preliminary injunction in no way enjoins any law enforcement agency or official thereof from exercising his duties, powers and responsibilities, as provided by law, with regard to any future violations of law.

Therefore, it is

Ordered and adjudged: That Russell Smith, Manager of the City of Daytona Beach, Florida, and Ray Stephens, City License Director of the City of Daytona Beach, Florida, personally, and in their official capacities, issue or cause to be issued a city occupational license to plaintiff James John Plematis for the operation of a bookstore "The News Stand", to be operated at 711 North Ridgewood Avenue, Daytona Beach, Florida.

It is hereby further ordered: That this preliminary injunction shall not come into force until such time as a bond shall be filed with the Clerk of this Court, or his authorized representative, and which shall provide security in the amount of five hundred dollars ($500.00), for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

It is hereby further ordered: That the United States Marshal for the Middle District of Florida, or his authorized representative, serve upon each of the

defendants herein a certified copy of this order and preliminary injunction and make a return thereof in the Court file.